**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ATTORNEYS AT LAW

One Riverfront Plaza, Suite 1530
Newark, New Jersey 07102
Telephone: 973.577.6260
Fax: 973.577.6261
www.lewisbrisbois.com

**JEFFREY SPIEGEL**
DIRECT DIAL: 646.783.1703
JEFFREY.SPIEGEL@LEWISBRISBOIS.COM

September 12, 2016

File No.
TBD

**VIA ECF**

Hon. Brian R. Martinotti, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    *Laura Ramos, et al. v. Raritan Valley Habitat for Humanity, et al.*
             Docket No. 16-Civ-01938

Dear Judge Martinotti:

      We represent defendants Raritan Valley Habitat for Humanity, Dick Bednar, Dick Carr, Mary Ellen Koscs-Fleming, Ryan Montagno, Sue Gilligan, Nancy Asbury, and Doreen Blanc Rockstrom (collectively the "Raritan Defendants") in the above-captioned action. Please accept this correspondence in lieu of a more formal motion requesting dismissal of the Complaint without prejudice pursuant to Rule 4(m), *Fed. R. Civ. P*. While Rule 4(m) permits this Court to dismiss the Complaint *sua sponte*, the Raritan Defendants shall submit a formal motion should this Court so direct. We ask further that the Court extend the Raritan Defendants' time to move, answer or otherwise respond to the Complaint until ten days after it rules on this application (assuming the application is not granted).

      Plaintiffs' Complaint was accepted for filing on April 26, 2016 (ECF Docket No. 2). Under Rule 4(m), Plaintiffs were required to serve the Raritan Defendants within 90 days making the deadline for service July 25, 2016, and Plaintiffs bear the burden of demonstrating that proper service was made within that time. *Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476 (3d Cir. 1993).

      Plaintiffs purport to have served the Raritan Defendants on August 22. 2016; well outside the 90 day period afforded by Rule 4(m) (ECF Docket No. 11).  Moreover, the service was

improper. The proofs of service filed by Plaintiffs indicate that they attempted service on all of the Raritan Defendants by leaving a copy of the Complaint with the receptionist at the offices of Defendant Raritan Valley Habitat for Humanity ("Habitat") (ECF Docket No. 11). The proof of service does not attest that the receptionist has authority to accept service on behalf of Habitat, or that any attempt was made to serve an officer or individual with such authority. Plaintiffs bear the burden of showing that an alleged agent has either express or implied authority to accept service of process. *Lee v. Genuardi's Family Markets, LLC*, 10-Civ-10641, 2010 U.S. Dist. LEXIS 72213 (D.N.J. July 10, 2010) (mere acceptance of service by an employee, other than an officer, director, trustee or managing or general agent, is insufficient to establish that the employee was authorized to accept service). Additionally, personal service was not attempted on the individual defendants nor was proper mailing service attempted on their places of abode. Mere service on the receptionist at Habitat's office is insufficient for service on the individual defendants.[1]

Plaintiffs will be unable to demonstrate the existence of good cause for an extension of time to serve as the Summons was issued on April 26, 2016, and Plaintiffs did not attempt service until August 17, 2016 (ECF Docket No. 7). This first attempt at service was rejected by the Court and their subsequent attempt at service of process, on August 22, 2016, was deficient as shown above. Any claimed ignorance of the 90-day rule should be disregarded as this Court has held previously that such an excuse by a *pro se* plaintiff is insufficient to show good cause. *Chhaparwal v. West Virginia University. Hospitals, Inc.*, 07-Civ-3608, 2010 U.S. Dist. LEXIS 32851, at *8 (D.N.J. April 22, 2008) (citing *Lovelace v. Acme Mkts. Inc.*, 820 F.3d 81, 84 (3d Cir. 1987)). Accordingly, this action should be dismissed as Plaintiffs will be unable to meet their burden to demonstrate proper service within 90 days. *See Chhaparwal* 2008 U.S. Dist. 32851, at 4* (dismissing *pro se* plaintiff's complaint for failure to effectuate proper service within the time specified by Rule 4(m)).

In sum, the Raritan Defendants respectfully submit that the Complaint should be dismissed without prejudice.

         Respectfully,

         *Jeffrey Spiegel*

         Jeffrey Spiegel of
         LEWIS BRISBOIS BISGAARD & SMITH LLP

Cc: Plaintiffs *pro se* (via regular mail in 14 point Verdana font, per their request)
   All counsel of record (via ECF).

---

[1] The Raritan Defendants reserve the right to fully address Plaintiffs' deficient service of process, failure to state a claim for which relief can be granted, and any other bases to seek relief in a formal motion pursuant to Rule 12.