UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LAURA RAMOS,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **RARITAN VALLEY HABITAT FOR HUMANITY,** *et al.*, <br><br> Defendants. | Civil Action No. 16-1938 (BRM)(LHG) <br><br><br> **ORDER GRANTING MOTION** <br> **FOR PRO BONO COUNSEL** |

  Presently before the Court is a motion by *pro se* Plaintiffs Laura Ramos and Cynthia Baker ( "Plaintiffs") seeking appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1) (the "Motion"). [Docket Entry No 4]. Defendants do not oppose the Motion. For the reasons stated below, the Court **GRANTS** Plaintiffs' motion for appointment of *pro bono* counsel.

  Plaintiffs have been given leave to proceed *in forma pauperis*. [Docket Entry No. 2] They are disabled New Jersey residents who have alleged they have suffered, and continue to suffer, discrimination as disabled persons during their attempts to obtain affordable housing that accommodates their disabilities. *See* Complaint. Their Complaint seeks relief from the Raritan Valley chapter of Habitat for Humanity, and certain state and federal agencies, as well as from individuals, based on various statutes, including the Americans with Disabilities Act, the Fair Housing Act, and the New Jersey Law Against Discrimination. *See id.*

  The Honorable Brian R. Martinotti, U.S.D.J., conducted an in-person status conference on October 28, 2016 to hear argument on a motion to dismiss, extend pleading deadlines, and address service issues. [Docket Entry No. 36].

The decision to appoint counsel to represent a *pro se* party is one committed to the sound discretion of the Court. *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). To decide whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues; (3) the degree to which factual investigation is required and the ability of the applicant to pursue that investigation; (4) the degree to which a case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can retain and afford counsel on his or her own behalf, *Parham*, *supra*, 126 F.3d at 457–58 (citing *Tabron*, *supra*, 6 F.3d at 155–157, 157 n. 5). It is important to note that not all factors are required to be present for appointment of *pro bono* counsel. *Tabron*, 6 F.3d at 157.

Plaintiffs argue that their claims have merit and are vital insofar as Plaintiffs are disabled, low-income citizens who have been discriminated against while seeking affordable housing for the past 11 years. Motion at 4. The Court has reviewed the Complaint and the current status of the case, and for the purposes of the Motion only, the undersigned concludes that Plaintiffs have satisfied the threshold requirement of presenting a claim that has arguable merit. The Court therefore proceeds to consider the traditional six factors under *Tabron*.

The first consideration is a plaintiff's ability to present their case. A plaintiff's education, literacy, work experience and litigation experience are all examined when making this determination. *Tabron*, 6 F.3d at 156. Here, Plaintiffs admit that they have a broad understanding of the law involved in their case, but contend that they would be unable to present a complete and effective case due to their lack of knowledge of court rules and procedures and

the intricacies of the law applicable to their claims. Motion at 5. The Court's assessment of Plaintiffs' submissions to date confirms that Plaintiffs are experienced, capable advocates. In addition to their articulate Complaint and motion for *pro bono* counsel, Plaintiffs have successfully: served several Defendants, obtained an extension to serve the remaining Defendants, registered as users for the Electronic Court Filing system, and persuaded the Court to order that filings for this matter be made in a larger, easier to read font. Plaintiffs also assert, however, that their disabilities inhibit and would often prohibit their ability to participate in the court process and proceedings. *Id*. In support of their assertion of disabilities, Plaintiffs submit copies of their social security disability benefits statements, motor vehicle commission placards, and insurance card. Motion at 6–8. While Plaintiffs' disabilities are not identified in the Motion, the Court takes notice, based on a reading of their complaint, that Plaintiffs have already asserted that: they are visually impaired, Plaintiff Ramos suffers from a series of respiratory ailments, and at least one of Plaintiffs requires a wheelchair. The Court agrees that these impairments can be expected to affect Plaintiffs' ability to review written discovery, correspond with counsel, and to participate in Court proceedings. For these reasons, the Court finds that the first *Tabron* factor weighs in favor of appointing counsel.

The second factor to consider is the complexity of the legal issues which are presented by a plaintiff's claim. Where the law is ambiguous, it better promotes the goals of justice to have those trained in legal analysis present the legal issues. *Tabron*, 6 F.3d at 156. In addition, the Court takes into consideration the complexity of the ultimate legal issue and the complexity of the discovery involved. *Parham*, 126 F.3d at 459. Here, Plaintiffs seek a multitude of legal and equitable remedies from no fewer than 36 separate defendants. Moreover, while some of Plaintiffs' discrimination claims are straightforward, such as their claims against Raritan Valley

3

Habitat for Humanity and the Public Housing Authority, the nature of their claims as to remaining defendants is less clear. Plaintiffs will also need to pursue discovery from a non-governmental organization, state agencies, federal agencies, public servants and private individuals, making discovery for this matter a complex process. For these reasons, the second *Tabron* factor weighs in favor of appointing counsel.

The third factor to consider is the degree to which factual investigation will be necessary, as well as a plaintiff's ability to conduct such investigation. *Tabron*, 6 F.3d at 156. In its analysis, the court must be mindful of a plaintiff's ability to understand the rules of discovery. *Parham*, 126 F.3d at 460. Appointment of counsel may be warranted for claims requiring voluminous discovery and adherence to complex discovery rules. *Tabron*, 6 F.3d at 156. Based on the facts already observed, the Court finds that this case will involve substantial factual investigation and that Plaintiffs' ability to conduct that investigation may be hampered to some degree by their disabilities. For these reasons, the Court finds the third *Tabron* factor weighs in favor of appointing counsel for this matter.

The fourth factor is the likelihood a case will turn on credibility determinations. The Court should determine whether Plaintiff's claim is predominantly based on one side's words against the other's. *Parham*, 126 F.3d at 460. "[W]hen considering this factor, courts should determine whether the case is solely a swearing contest." *Id*. Here, Plaintiffs have not asserted that credibility is likely to be an issue in this case. Based on the record to date, the Court cannot conclude otherwise. This factor therefore weighs against appointing counsel in this matter.

The fifth factor is the degree to which expert testimony may be required. *Pro bono* counsel may be warranted if a plaintiff's case requires testimony from expert witnesses. *Tabron*,

6 F.3d at 156.  As with credibility, Plaintiffs have not asserted that expert testimony will be called for in this matter, and the Court sees no reason to conclude otherwise.  This factor therefore weighs against appointing counsel in this matter at this time.

The final factor is a plaintiff's financial ability to secure counsel on his own.  *Parham*, 126 F.3d at 461.  Based on documents that Plaintiffs submitted in support of the Motion with respect to income, the Court finds that they are unable to afford an attorney.  This factor therefore weighs in favor of appointing counsel.

Four of the six *Tabron* factors weigh in favor of granting the Motion and only two weigh against.  The Court therefore finds that *pro bono* counsel is warranted for this matter.  For the foregoing reasons and for good cause shown:

**IT IS** on this 28th day of **November, 2016**,

**ORDERED** that Plaintiffs' motion for the appointment of *pro bono* counsel [Docket Entry No. 4] is **GRANTED**; and it is further

**ORDERED** that the Clerk's Office is hereby directed to identify counsel for appointment so that an appropriate Order may be entered; and it is further

**ORDERED** that the appointment shall be limited to the conduct of this case only, and shall end upon final resolution of this case or upon further Order of this Court.

_____
**LOIS H. GOODMAN**
**United States Magistrate Judge**

5